**McKonley v. Franco**

*Heath L. Allen,* for plaintiffs.
*Joseph P. Hafer,* for defendant Segina.

SHUGHART, *P.J.,* June 27, 1979—On September 19, 1973, the above named plaintiffs entered into a contract with defendant, Franco Enterprises, Inc. (hereafter Franco) for the construction of an office building in Camp Hill, Pennsylvania. According to plaintiffs' complaint, Franco and defendant, Wesco Corporation (hereafter Wesco), acquired the land for the building and acted as general contractors with regard to the actual construction of the building. Victor J. Segina, also named as a defendant in the action, served as the architect for the project and contracted directly with Franco and Wesco to provide the plans and specifications. The building was ultimately completed in February, 1974.

On January 21, 1978, after several days of snow, the roof of the building collapsed, resulting in plaintiffs filing suit in trespass and assumpsit against Franco, Wesco, and Segina, as well as certain other of the subcontractors involved in the project. Presently before the court are preliminary objections filed by Segina in the nature of a demurrer and a motion for a more specific complaint in both the tort and assumpsit actions.

The basis for the demurrer is Segina's contention that since it had no contractual relationship with plaintiffs, there is no basis for suit by plaintiffs in either trespass or assumpsit.

Before there can be recovery in a tort action, plaintiff must plead and prove a duty, the breach of which results in liability. Clearly, however, the duty need not arise out of a contractual relationship. As stated by Judge Gates in Mountz v. Lebanon County, 45 D. & C. 2d 355, 360 (1968):

"True it is that the orbit of an architect's or contractor's duty to third persons is measured by the nature and scope of his contractual undertaking with the owner, but, if, in the performance of those duties, he is negligent and injury to third parties is foreseeable, the architect or contractor would be liable to the third person, *regardless of the lack of privity of contract*. It is not the contract per se which creates the duty. It is the law which imposes the duty, because of the nature of the undertaking in the contract." (Emphasis supplied.)

See also Prost v. Caldwell Store, Inc., 409 Pa. 421, 187 A. 2d 273 (1963); Kampmeyer v. Cheltenham Contracting Co., 49 D. & C. 2d 65, 70 (1970).

Thus the duty depends on the *foreseeability* of the injury rather than on privity of contract or lack thereof. On this basis the demurrer with regard to the trespass count should be overruled.

In the assumpsit action, since there was no privity of contract alleged between Segina and plaintiffs, the complaint states a cause of action only if plaintiffs can be said to be third party beneficiaries of the contract between Segina and Franco and Wesco.

If there was ever a case where third party beneficiary rules would be applicable this would be the case. Clearly there can be no question that Segina and the other defendants knowingly intended to confer a benefit on plaintiffs in the design and construction of the office building. It is equally clear that plaintiffs were within the contemplation of Segina at the time he contracted with Franco and Wesco for construction of the office building: Pennsylvania Liquor Control Board v. Rapistan, Inc., 472 Pa. 36, 371 A. 2d 178 (1976); see Spires v. Hanover Fire Insurance Company, 364 Pa. 52, 70 A. 2d 828 (1950); Department of Transportation v. Bethlehem Steel Corporation, 28 Pa. Commonwealth Ct. 214, 368 A. 2d 888 (1977). On this basis the demurrer with regard to the assumpsit count must be overruled.

The remaining preliminary objection is the motion for a more specific complaint. There is no basis for this motion as it pertains to the trespass action.

With regard to the assumpsit action, we are satisfied that plaintiffs have alleged sufficient facts to state a cause of action as a third party beneficiary. Plaintiffs have alleged in their complaint that they contracted directly with Franco and Wesco as general contractors, and that Segina was specifically named in that contract as the architect who was to supply the plans for the building. In addition, plaintiffs have alleged that Segina was aware of the purpose for which his plans and specifications were to be used, namely, to confer a benefit upon plaintiffs. Under these circumstances, at least by implication, plaintiffs have alleged all of the elements necessary to establish the existence of a third party beneficiary relationship. See Pennsylvania Liquor Control Board v. Rapistan, Inc., supra.

## ORDER

And now, June 27, 1979, for the reasons stated in the opinion filed this date, defendant's preliminary objections are dismissed.